Linen S'market v. Hon Johnson (Der) 






DISMISSED
OCTOBER 11, 1990

NO. 10-90-131-CV

IN THE
COURT OF APPEALS
FOR THE
TENTH DISTRICT OF TEXAS
AT WACO

* * * * * * * * * * * * *

Â Â Â Â Â Â Â Â Â Â LINEN SUPERMARKET, INC.,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Relator
Â Â Â Â Â Â Â Â Â Â v.

Â Â Â Â Â Â Â Â Â Â HONORABLE DERWOOD JOHNSON, JUDGE,
Â Â Â Â Â Â Â Â Â Â 74TH DISTRICT COURT, McLENNAN
Â Â Â Â Â Â Â Â Â Â COUNTY, TEXAS,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Respondent

* * * * * * * * * * * * *

 Original Proceeding

* * * * * * * * * * * * *

Â Â Â Â Â Â Â Â Â Â Motion for leave to file a petition for writ of mandamus was filed in this court by Relator
on August 10, 1990. On September 13, 1990, the Court granted the motion for leave to file and
set the case for a hearing. A joint motion to dismiss Relator's petition for writ of mandamus was
filed in this Court October 4, 1990, in which Relator and Barker, Ltd., Inc., real party in interest,
state that all matters in controversy have been compromised and settled and that Relator no longer
wishes to prosecute its petition for writ of mandamus. The joint motion requests this Court to
dismiss Relator's petition.
Â Â Â Â Â Â Â Â Â Â The joint motion is granted. Relator's petition for writ of mandamus is dismissed.
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â PER CURIAM
DO NOT PUBLISH



ht"/>
 
 
 
 

 


Â 

IN THE

TENTH COURT OF
APPEALS




 
 
 
 
 
 
 


Â 



No. 10-03-00372-CV

Â 

National Enterprise, Inc.,

   Appellant

Â v.

Â 

E.N.E. Properties, et al.,

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Appellees

Â 

Â 

Â 



From the 74th District Court

McLennan County, Texas

Trial Court # 2001-3823-3

Â 



O p i n i o n



Â 

Â Â Â Â Â Â Â Â Â  National
Enterprise, Inc., appeals from an order granting summary judgment in favor of
E.N.E. Properties and others (ENE)[1].Â  Because we find that National Enterprise is
not entitled to assert a six-year statute of limitations available to
successors-in-interest of the Resolution Trust Corporation, we affirm.




Background

Â  Â Â Â Â Â Â Â  ENE signed and delivered to the Resolution
Trust Corporation (RTC) a real estate lien note and a deed of Trust encumbering
several parcels of real estate in McLennan County.Â  Subsequently, the RTC
assigned its interest in the note and deed of trust to National Enterprise.Â  Because ENE defaulted on the note, National
Enterprise foreclosed on the properties securing the note, but the amount
realized was insufficient to satisfy the outstanding obligation.Â  Four and a half years later, National
Enterprise filed suit against ENE to collect the deficiency.Â  ENE filed a traditional motion for summary
judgment claiming that the suit was barred by the statute of limitations.Â  The trial court granted ENEÂs motion for summary
judgment.

Â Â Â Â Â Â Â Â Â  On
appeal, National Enterprise argues that the trial court erred in (1) granting
ENEÂs motion for summary judgment because issues of material fact exist; (2) granting
ENEÂs motion for summary judgment because the suit was filed within the applicable
statute of limitations; (3) awarding attorney fees to ENE based upon their
request for a declaratory judgment; and (4) denying its motion for summary
judgment.

Late-Filed
Summary Judgment Evidence

Â Â Â Â Â Â Â Â Â  ENE
argues that because National Enterprise filed its amended summary judgment
evidence late, this evidence is not properly before us.Â  Shortly after the summary judgment hearing,
National Enterprise filed its first amended petition, first amended motion for
summary judgment, and a supplemental affidavit introducing new evidence.

Â Â Â Â Â Â Â Â Â  Summary
judgment evidence must be filed twenty-one days before the hearing, unless the
party obtains leave of court to file afterward.Â 
Benchmark Bank v. Crowder, 919
S.W.2d 657, 663 (Tex. 1996); VICC
HomeownersÂ Assn., Inc. v. Los Campeones, Inc., 143 S.W.3d 832, 837 (Tex. App.ÂCorpus Christi 2004, no pet.).Â  When nothing appears in the record to
indicate that leave of court was obtained, it is presumed that the trial court
did not consider the late-filed evidence.Â 
Benchmark Bank, 919 S.W.2d at
663; VICC HomeownersÂ Assn., 143
S.W.3d at 837.Â  The record before us does
not indicate that National Enterprise obtained leave of court, nor does National
Enterprise dispute ENEÂs claim that no permission was given.Â  Therefore, National EnterpriseÂs evidence is
not part of the summary-judgment record, and we will not consider it.Â  See
Alaniz v. Hoyt, 105 S.W.3d 330, 339 (Tex. App.ÂCorpus Christi 2003, no pet.).

ENEÂs
Motion for Summary Judgment

Â Â Â Â Â Â Â Â Â  National
Enterprise argues in its first and second issues that the
trial court erred in granting ENEÂs traditional motion for summary judgment
because issues of material fact exist and because the statute of limitations
has not expired.

Â Â Â Â Â Â Â Â Â  We review the decision to grant or deny a summary judgment motion
de novo.Â  See Rosas v. Hatz, 147 S.W.3d 560, 563-64 (Tex. App.ÂWaco
2004, no pet.);Â Rucker v.
Bank One Tex., N.A., 36 S.W.3d 649, 653 (Tex.
App.ÂWacoÂ 2000, pet. denied). Â When the trial court does not specify the
basis for its summary judgment, the appealing party must show it is error to
base it on any ground asserted in the motion. Â Larsen v.
Carlene Langford & Assocs., Inc., 41 S.W.3d
245, 249 (Tex. App.ÂWaco 2001, pet. denied) (quoting Star-Telegram, Inc. v. Doe, 915 S.W.2d 471, 473 (Tex. 1995)).

Â Â Â Â Â Â Â Â Â  The
standard of review for a traditional summary judgment is well established.Â  Nixon v. Mr.
Prop. Mgmt. Co., 690 S.W.2d 546, 548 (Tex. 1985).Â  The movant has the burden of showing that no genuine issue of
material fact exists and that he is entitled to the summary judgment as a
matter of law.Â  American
Tobacco Co. v. Grinnell, 951 S.W.2d
420, 425 (Tex. 1997); Rosas,
147 S.W.3d at 564.Â  The reviewing court must accept all evidence
favorable to the non-movant as true.Â  Nixon, 690 S.W.2d
at 549; Rosas, 147 S.W.3d at 564.Â  Every reasonable inference must be indulged
in favor of the non-movant and all doubts resolved in its favor.Â  Grinnell, 951 S.W.2d at 425;
Rosas, 147 S.W.3d at
564.Â  

Â Â Â Â Â Â Â Â Â  National
Enterprise argues that under federal law, the RTC is
subject to a six-year statute of limitations in regards to any action brought
by the RTC.Â  12 U.S.C.A. Â§
1821(d)(14(A)(i)(I) (West 2001).Â 
Therefore as an assignee of the RTC, National Enterprise argues that it is
entitled to assert the six-year limitations period.Â  ENE agrees that assignees of the RTC may
assert a six-year limitations period, but only if the cause of action accrues before
the assignment, when the RTC was still the holder of the note.

Â Â Â Â Â Â Â Â Â  It
is well settled that an assignee of the FDIC may assert the six-year statute of
limitations as a successor of the FDIC.Â  Jackson v.
Thweatt, 883 S.W.2d 171, 178 (Tex. 1994).Â 
However, the Texas Supreme Court has held that whether an assignee of
the FDIC can invoke the six-year limitations period depends upon when the underlying
cause of action accrues.Â  Holy Cross Church of God
in Christ v. Wolf, 44 S.W.3d
574 (Tex. 2001).Â  In
deciding Wolf, the Court relied upon
two federal circuit cases denying successors of the FDIC the right to claim the
six-year statute of limitations when default on the note occurred after the
FDIC assigned it.Â  Id. at 572-73 (citing Beckley Capital Ltd Partn. v. DiGeronimo, 184 F.3d 52, 58 (1st Cir.
1999); Cadle Co. v. 1007 Jt. Venture,
82 F.3d 102, 106 (5th Cir. 1996)). 

Â Â Â Â Â Â Â Â Â  Therefore,
because the RTC has Âthe same powers and rights to carry out is duties . . . as
the [FDIC] has under . . . 12 U.S.C. Â§ 1821,Â the question is when did National
EnterpriseÂs cause of action accrue?Â  12
U.S.C.A. Â§ 1441a (B)(4)(A) (West 2001); Wolf,
44 S.W.3d at 574; see also Hawk v. E.D. Arledge, Inc., 107 S.W.3d
79, 82-83 (Tex. App.ÂEastland 2003, pet. denied).

Â Â Â Â Â Â Â Â Â  National
Enterprise argues that the note was in default while it
was still in the possession of the RTC.Â 
ENE argues that the note was in default after assignment because in
National EnterpriseÂs pleadings it lists the transaction between itself and the
RTC, and then states, ÂDefendants subsequently defaulted on the note.ÂÂ  ENE also points to the affidavit of Chadwic
Gifford, submitted by National Enterprise, which discusses the assignment of
the note from the RTC, and then states, ÂDefendants subsequently defaulted on
the note.ÂÂ  However, according to the
reasoning in Wolf, the issue is not
when the note was in default, but when the cause of action for the deficiency
accrued.Â  Wolf, 44 S.W.3d at 574.

Â Â Â Â Â Â Â Â Â  Wolf
acquired the debtorÂs note from a long line of successors, the first of which
was the FDIC.Â  Id. at 565.Â  The
first successor-in-interest immediately after the FDIC accelerated the
note.Â  Id.Â  Once
Wolf acquired the note, he initiated foreclosure proceedings against the
debtor.Â  Id.Â  The
debtor claimed that a four-year statute of limitations precluded foreclosure.Â  Id.; Tex. Civ.
Prac. & Rem. Code Ann. 16.035(b) (Vernon 2002).Â  Wolf argued that because the note was in
default while in the possession of the FDIC, he was entitled to assert the
six-year statute of limitations.Â  Id. at 566.Â  The
Texas Supreme Court acknowledged that the two federal circuit cases they relied
upon used ÂdefaultÂ as the triggering event for the six-year limitations
period, but rationalized that Âit is clear from their reasoning that these
courts rely on the default date only to the extent that it was synonymous with
the accrual date in those cases.ÂÂ  Id. at 574.Â  The
Court found that the accrual date for the foreclosure action did not occur when
the debtor defaulted but when a subsequent successor of the FDIC accelerated
the note.Â  Id.Â  Because
WolfÂs cause of action accrued after the assignment from the FDIC, the Court
held that the six-year statute of limitations did not apply.Â  Id.

Â Â Â Â Â Â Â Â Â  National
EnterpriseÂs cause of action is a claim of deficiency
after a foreclosure sale.Â  Section 51.003
of the Texas Property Codes states:

(a) If the price at which real
property is sold at a foreclosure sale under Section 51.002 is less than the unpaid balance of the indebtedness secured
by the real property, resulting in a
deficiency, any action brought to recover the deficiency Â Â Â  must be brought within two years of the
foreclosure sale and is governed by this Â Â Â Â Â  section.

Â 

Tex. Prop. Code Ann. Â§ 51.003 (Vernon 1995).

Â Â Â Â Â Â Â Â Â  National
EnterpriseÂs cause of action for a deficiency after the
foreclosure accrued at the time of the foreclosure sale, indisputably occurring
while National Enterprise was in possession of the note.Â  Therefore, National Enterprise is not
entitled to assert the six-year statute of limitations, and the two-year limitations
period applies.Â  See Wolf, 44 S.W.3d at 574; Tex.
Prop. Code Â§ 51.003.Â  National Enterprise brought this cause of action four and a half
years after the foreclosure sale.Â 
Consequently, its suit is barred by the statute of limitations, and the
trial court did not err in granting ENEÂs motion for summary judgment.Â  Accordingly, National EnterpriseÂs first and
second issues are overruled.

Declaratory
Judgment and AttorneyÂs Fees

Â  Â Â Â Â Â Â Â  National Enterprise argues in its third issue that the trial court
erred in awarding attorney fees to ENE based upon its counterclaim for a
declaratory judgment.Â  

Â Â Â Â Â Â Â Â Â  In
its answer, ENE requested a declaratory judgment that there was no deficiency
from the foreclosure sale.Â  Later in its
motion for summary judgment, ENE argued that because it requested a declaratory
judgment, it was entitled to reasonable attorneyÂs fees.Â  When the court granted ENEÂs motion for
summary judgment, it awarded ENE $9,500.00 in attorneyÂs fees.

Â Â Â Â Â Â Â Â Â  A
trial court "may award costs and reasonable and necessary attorney's fees
as are equitable and just" in a declaratory judgment proceeding.Â  See
Tex. Civ. Prac. & Rem. Code Ann.
Â§ 37.009 (Vernon 1997).Â 
The grant or denial of attorney's fees in a declaratory judgment action
lies within the discretion of the trial court, and its judgment will not be reversed
on appeal absent an abuse of discretion.Â 
Oake v. Collin County, 692 S.W.2d 454, 455 (Tex. 1985); McMillan
v. Dooley, 144 S.W.3d 159, 186 (Tex. App.ÂEastland 2004, no pet.).Â  However, the Declaratory Judgment Act is not
available to settle disputes already pending before the court. Â BHP Petroleum
Co. v. Millard, 800 S.W.2d 838, 841 (Tex. 1990); Anderson v. New
Property OwnersÂ AssÂn of Newport, Inc., 122 S.W.3d 378, 390-91 (Tex. App.ÂTexarkana 2003, pet. denied); Brush v. Reata Oil and Gas Corp.,
984 S.W.2d 720, 730 (Tex. App.ÂWaco 1998, pet. denied). Â A counterclaim based on the Declaratory
Judgment Act must state a claim for affirmative relief. Â Millard, 800 S.W.2d at 841, n.8. Â A claim for affirmative relief is stated if
the counterclaim alleges a cause of action independent of the plaintiff's claim.Â  Id. at 841.

Â Â Â Â Â Â Â Â Â  ENEÂs
request for declaratory judgment involves the same parties and the same
issues.Â  Anderson, 122 S.W.3d at 391.Â  National Enterprise asserts there is a deficiency, and in the
counterclaim ENEÂs requests a declaratory judgment that there is no
deficiency.Â  ENE does not present any
issue beyond that asserted by National Enterprise, nor does it seek a
declaration as to the partiesÂ ongoing relationship.Â  Id.Â  The
request for declaratory judgment is merely a denial of National EnterpriseÂs
cause of action.Â  Millard, 800 S.W.2d at 841.

Â Â Â Â Â Â Â Â Â  A
declaratory judgment action may not be used solely to obtain attorney's fees
that are not otherwise authorized by statute.Â 
Breitenfeld v. SAS Institute, Inc.,
147 S.W.3d 672, 679-80 (Tex. App.ÂDallas 2004, no pet.); S. W. Guar. Trust Co. v. Hardy Road 13.4 Jt. Venture, 981 S.W.2d
951, 956 (Tex. App.ÂHouston [1st Dist.] 1998, pet. denied).Â  Therefore, we find the trial court abused its
discretion in awarding attorneyÂs fees to ENE.Â 
Breitenfeld, 147 S.W.3d at 680
(Âattorney's fees are not authorized where a counterclaim requests a
declaratory judgment that is the mirror image of a claim already asserted by an
adversary in the suitÂ).Â  Accordingly, we
sustain National EnterpriseÂs third issue.

Conclusion

Â Â Â Â Â Â Â Â Â  Because
National EnterpriseÂs first, second, and third issues are dispositive of this
case, we need not consider its other issue.Â 
Because we sustained National EnterpriseÂs third issue, we modify the
judgment by deleting the portion awarding $9,500.00 in attorneyÂs fees to ENE,
and affirm the judgment as modified.

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  FELIPE
REYNA

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Justice

Before Chief Justice Gray,

Â Â Â Â Â Â Â Â Â  Justice Vance, and

Â Â Â Â Â Â Â Â Â  Justice Reyna

Affirmed as modified

Opinion delivered and filed March
 23, 2005

[CV06]











Â Â Â  [1]Â Â Â Â Â Â  Other parties include Bedford D. Edwards,
Joyce H. Edwards, Galen B. Edwards, Cathy Edwards, Elaine E. Nelson, David
Nelson, and Bedford D. Edwards as Trustee.Â 
These individuals were partners in E.N.E. Properties, currently a
dissolved partnership.